**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Gusto Packing Co., Inc., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 3208 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | Magistrate Judge Nolan |
| Tyson Foods, Inc., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Gusto Packing Co., Inc. ("Gusto"), and Defendant, Tyson Foods, Inc. ("Tyson"),

hereby provide their Joint Initial Status Report pursuant to the Court's Order of June 30, 2008

and pursuant to Magistrate Judge Nolan's standing Order Setting Initial Status Report for Cases

Assigned to Judge Nolan.   The parties have differences as to certain aspects of the Report as

noted below.

**1.     A brief summary of the claims asserted in the complaint and any
counterclaim or third party complaint.**

Gusto asserts in the Complaint that it owns incontestable federal trademark registrations

for "GUSTO and Design," GUSTO'S HEARTLAND and Design" and "GUSTO'S

HEARTLAND" for processed pork products and unregistered common law trademark rights in

GUSTO and GUSTO'S on various processed meat products including specially cut and flavored

turkey and pork products.  Gusto asserts that Tyson has committed Trademark Infringement,

Unfair Competition, and False Description arising under §§32 and 43 of the Lanham Act, (15

U.S.C. §1114(1) and §1125(a)) the common law and Illinois Deceptive Trade Practices Act 815

I.L.C.S. 510.2 by Tyson's use of the trademark "¡Al GUSTO!" in connection with chicken

products.  A copy of the Complaint (document # 1 to 1-7)is attached to the magistrate's courtesy

copy.

Tyson asserts in its Counterclaim that Tyson's use of the "¡AL GUSTO!" mark,

particularly in combination with its famous "TYSON" mark and red and yellow oval Logo in

connection with specially cut and flavored chicken products, and, in the future, beef and pork

products, does not infringe any rights of Gusto in its asserted trademarks and does not constitute

unfair competition, false description, injury to business reputation, and violation of Illinois

Uniform Deceptive Trade Practices Act 815 I.L.C.S. 510.2.   A copy of the Answer and Counterclaim (document 14 to 14-2) is attached to the magistrate's courtesy copy.

**2.    A brief statement of the relief sought, including itemization of damages, if available.**

Gusto seeks to preliminarily and permanently enjoin Tyson from using the "¡AL GUSTO!" mark.   Gusto also seeks damages, including treble damages, as well as attorneys' fees and costs pursuant to 15 U.S.C. § 1117.   Gusto also seeks such other and further relief as the Court deems just and equitable.

Tyson by its Counterclaim seeks a declaration of non-infringement and to preliminarily and permanently enjoin Gusto or its affiliates from in any way charging or threatening trademark infringement against Tyson based upon the asserted marks.   Tyson also seeks such other and further relief as the Court deems just and equitable.

**3.    A brief description of the matter referred to the magistrate judge for ruling or report and recommendation or alternatively, a copy of the referral order.**

A copy of Judge Andersen's June 20, 2008 order is attached hereto.

**4.    The Status of any briefing on the matters referred.**

No briefing has taken place nor is any necessary on the matters referred.

Tyson's Position:   Tyson has invested a substantial amount of money in developing its "¡Al GUSTO!" products and it intends to begin a national introduction of its products within the next few months.   Tyson, therefore, will request this Court to set a date for a hearing on a motion for a preliminary Declaration of Non-Infringement within the next 90-120 days.

Gusto's Position:   Gusto has invested a substantial amount of money in promoting its GUSTO marks for over 35 years, particularly with respect to the Spanish speaking or Latin market where Tyson plans to direct its products.   Many of the issues to be resolved in determining infringement of Gusto's various trademark and other rights, including the determination of likelihood of confusion, are fact determinations to be made by a jury.   Gusto has requested a trial by jury on the merits, and is willing to be prepared for such a trial in an expedited fashion, in approximately 120 to 150 days.   It would not appear to be an efficient use of the Court's time and resources or the parties' time and resources to conduct a preliminary hearing without a jury, which will require a determination on the likelihood of a jury finding of a likelihood of confusion, when the actual jury determination can be made jury within a very short time of when a preliminary hearing could be held.

**5.    A description of the discovery that has been completed and the future discovery contemplated.**

No discovery has been propounded to date and no depositions have been scheduled.   No discovery deadlines have been set.   The parties have prepared an Agreed Scheduling Order that

sets forth relevant discovery deadlines (see attached).  In addition, the parties agree that no more than 8 depositions, excluding expert witness depositions, shall be taken by either side.

Tyson's Position:  Subsequent to the initial status hearing, Tyson will file a motion with Judge Andersen requesting a date for a preliminary injunction hearing before Magistrate Judge Nolan on Gusto's claims within the next 90-120 days and, in conjunction therewith, limited expedited discovery.  Thus, Tyson suggests that discovery proceed in two phases. The first phase will be limited expedited discovery directed to the issues relevant to the preliminary injunction hearing.  If necessary, thereafter the second phase of discovery will go forward with respect to any remaining issues in the case.

Gusto's Position:  Gusto will request a trial by jury on the merits on all issues in an expedited fashion and expedited discovery.  Gusto is amenable to shortened discovery response periods of 20 days as opposed to the 30 days provided under the rules in order to expedite discovery.  Gusto believes that it will be more efficient to conduct discovery on all issues simultaneously, rather than in phases, particularly since some witnesses may have information on issues that would be present in both "phases" suggested by Tyson.

**6.      Whether the parties will consent to trial before a magistrate.**

The parties will consent to a trial before a magistrate.

**7.      The status of settlement negotiations, if any.**

Discussions have been held between counsel for the parties.  Tyson and Gusto are both willing to continue to engage in such discussions.


Dated: July 3, 2008                              Respectfully submitted,

GUSTO PACKING CO., INC.                TYSON FOODS, INC.

By:____/s/ Kevin W. Guynn_____       By:____/s/ Robert E. Browne_____

One of Its Attorneys                              One of Its Attorneys

Kevin W. Guynn (ARDC No. 03124379)      Robert E. Browne (ARDC# 032 1761)
Greer, Burns & Crain, LTD.                      Michael G. Kelber (ARDC# 623 1033)
Suite 2500                                              Lara V. Hirshfeld (ARDC# 627 7477)
300 South Wacker Drive                          Neal, Gerber & Eisenberg LLP
Chicago, Illinois 60606                            Two North LaSalle Street, Suite 2200
Phone: (312) 360-0080                            Chicago, IL  60602-3801
Fax:  (312) 360-9315                               Phone:  (312) 269-8000
                                                              Fax:  (312) 269-1747

John Duggan (ARDC No 688223)
Duggan Law Offices
181 S Lincolnway

North Aurora, Illinois 60542
Phone: (630) 264-7893
Fax: (877) 300 7451

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing JOINT INITIAL STATUS REPORT was served through the ECF system on the 03rd day of July 2008:

_____/s/ Kevin W. Guynn_____

NGEDOCS: 1542327.4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Gusto Packing Co., Inc.,<br>an Illinois Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 3208 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | Magistrate Judge Nolan |
| Tyson Foods, Inc., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>AGREED SCHEDULING ORDER</u>**

The parties have agreed, with the consent of the Court, to seek an early determination on Plaintiff's Claims and Defendant's Counterclaims. While Gusto requests an expedited jury trial date (in 120 to 150 days), Tyson proposes this determination be limited to whether preliminary injunctive relief on the issue of liability is appropriate. As a result, Tyson proposes conducting discovery in two phases – liability and damages -- and would agree to the following deadlines by which fact and expert discovery shall be completed. Gusto proposes conducting discovery on all issues simultaneously, with shorted response periods of 20 days rather than 30 days for written discovery. Gusto's proposals for the schedule are noted in parentheses below.

The schedule proposed by Tyson is:

**<u>Phase One – Liability</u>**

1.     All fact and expert discovery will be completed by September 30, 2008. Any motion(s) to compel regarding fact discovery should be filed as soon as possible, but no later than the close of fact discovery.

(Gusto proposes that all fact and expert discovery on all issues be completed by October 15, 2008, with any motions to compel be filed no later than 2 days after the close of discovery).

2.      The parties will exchange initial disclosures as required pursuant to Fed. R. Civ. P. 26(a) by July 29, 2008.

(Gusto agrees with this date)

3.      The parties will designate expert witnesses and provide the disclosure required pursuant to Fed. R. Civ. P. 26(a)(2) by August 15, 2008.

(Gusto agrees with this date)

3.      All expert reports to be served by September 2, 2008 and all rebuttal reports will be served by September 16, 2008.

(Gusto proposes that all expert reports be served by September 16, 2008 and all rebuttal reports be served by September 30, 2008).

4.      The Court will set a trial on the merits at its convenience.

(Gusto agrees with this proposal, but is will to be prepared for a trial in November, 2008).

5.       The Court will set a briefing schedule for the exchange of prehearing briefs and replies.

(Gusto agrees with this proposal).

### Phase Two -- Damages

1.      Pending the Court's resolution of the appropriateness of injunctive relief on Plaintiff's trademark claims the parties will, if necessary, proceed with discovery on all remaining issues in this case.  Such discovery will commence on a date set by order of the Court.

(Gusto proposes that discovery on all issues proceeds simultaneously).

2.      All remaining fact and expert discovery will be completed within [insert] months after the commencement of Phase Two discovery.

3.      Dispositive Motions to be filed 30 days after the close of fact and expert discovery.

4.      Joint Pretrial Order to be filed by a date set by order of the Court.

5.      Pretrial filings to be filed by a date set by order of the Court.

6.      Pretrial conference to be conducted on a date set by order of the Court.

7.      Trial to be conducted on a date set by order of the Court.

E N T E R :

_____

Nan R. Nolan
United States Magistrate Judge


Dated: _____


GUSTO PACKING CO., INC.                    TYSON FOODS, INC.

By:_____/s/ Kevin W. Guynn_____        By:_____/s/  Robert E. Browne_____
_____

One of Its Attorneys                        One of Its Attorneys

Kevin W. Guynn (ARDC No. 03124379)         Robert E. Browne (ARDC# 032 1761)
Greer, Burns & Crain, LTD.                  Michael G. Kelber (ARDC# 623 1033)
Suite 2500                                  Lara V. Hirshfeld (ARDC# 627 7477)
300 South Wacker Drive                      Neal, Gerber & Eisenberg LLP
Chicago, Illinois 60606                     Two North LaSalle Street, Suite 2200

Phone: (312) 360-0080                    Chicago, IL  60602-3801
Fax:  (312) 360-9315                      Phone:  (312) 269-8000
                                          Fax:  (312) 269-1747

John Duggan (ARDC No 688223)
Duggan Law Offices
181 S Lincolnway
North Aurora, Illinois 60542
Phone: (630) 264-7893
Fax: (877) 300 7451

Dated:     July 3, 2008

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing AGREED SCHEDULING
ORDER was served through the ECF System on the 3rd of July 2008:


_____ s/ Kevin W. Guynn_____
NGEDOCS: 1542329.4