# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Gusto Packing Co., Inc.,      )
an Illinois Corporation      )
      )   No. 08CV3208
   Plaintiff/Counter-defendant   )   Judge Andersen
      )   Magistrate Judge Nolan
      v.      )
      )
Tyson Foods, Inc.,      )
a Delaware Corporation      )
      )
   Defendant/Counter-plaintiff.   )

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM AND AMENDMENT TO THE COMPLAINT

Plaintiff/Counter-defendant Gusto Packing Co. Inc. ("Gusto") submits the

following Answer to the Counterclaim of Defendant/Counter-plaintiff Tyson Foods, Inc.

("Tyson"):

1.    Tyson is a Delaware corporation with a principal place of business at 2210 West Oaklawn Drive, Springdale, Arkansas 72764.

**ANSWER:**  Admitted.

2.    Upon information and belief, Counter-defendant is an Illinois corporation with its principal place of business at 2125 Rochester Drive, Montgomery Illinois 60538.

**ANSWER:**  Admitted.

3.    This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332 and has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.  There is complete diversity of citizenship between Tyson, on the one hand, and Counter-defendant, on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**ANSWER:**   Admitted.

4.      Personal jurisdiction and venue are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and (c) with respect to Counter-defendant because it resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

**ANSWER:**   Admitted.

5.      Tyson brings this action in response to Counter-defendant's claim that Tyson is infringing the purported "GUSTO & Design," "GUSTO'S HEARTLAND & DESIGN," and "GUSTO'S HEARTLAND" trademarks through use of Tyson's "¡AL GUSTO!" trademark, to protect its right to use its "¡AL GUSTO!" trademark, and to prevent irreparable harm to Tyson.

**ANSWER:**   Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

6.      Since its inception in 1931, Tyson Foods has become the world's largest processor and marketer of chicken, beef and pork.  Tyson is known worldwide as a leading supplier of safe and high-quality protein products.

**ANSWER:**   Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

7.      For example, Tyson offers consumers an extensive selection of fresh chicken, beef and pork products as well as consumer-ready food products under its famous federally registered "TYSON" trademark as shown below.

[not reproduced herein]

Tyson is also the leading provider of value-added meats for the pizza industry, offering pepperoni, sausage, beef toppings, sliced deli meats, and pizza crusts and doughs under its "BONICI" trademark.  Tyson further offers hams and cooked bacon under its "TYSON" and "WRIGHT" trademarks, as well as cooked roast beef, prime rib, corned beef, pastrami, pot roast, and meat loaf.  In addition, Tyson offers a wide variety of processed and fresh meats, including bacon, hot dogs, luncheon meats, hams, and sausage, under its "IBP", "CHAIRMAN'S RESERVE", "STAR RANCH", "WRIGHT", and "RUSSER" trademarks among others.  These products are available in the leading supermarket chains and club stores, as well as in food service industry, military and school facilities, throughout the United States.  The "TYSON" mark is registered in the United States as a word mark (Registration No. 1,748,683) and with its well known red

and yellow oval design (Registration No. 1,205,623) in Exhibits A1 and A2 attached hereto, and is registered in 104 countries worldwide in the Chinese, Russian, Cyrillic, and English languages.

**ANSWER:**   Gusto admits that Exhibit A1 purports to be a copy of Certificate of

Registration No. 1,748,683 and Exhibit A2 purports to be a copy of Certificate of

Registration No. 1,205,623.  Gusto is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph and therefore

denies the same.

8.     Tyson extensively advertises and promotes its products using all forms of media, such as television, Internet, radio, and print.  Tyson has spent millions of dollars advertising its trademarks, particularly its "TYSON" word and design mark, on an annual basis.  As a result of its long use, worldwide advertising and quality products, the "TYSON" trademark is famous and instantly recognizable throughout the world.  This instant recognition and the exceedingly valuable goodwill associated with the "TYSON" trademark among its most valuable assets, and have been developed over numerous years and at great effort and expense by Tyson.

**ANSWER:**   Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

9.     In connection with Tyson's commitment to offering consumers the best in quality, safety and variety, it is constantly developing and offering consumers new and more convenient products.  For example, Tyson intends to offer consumers a new line of specially-cut and flavored chicken, beef and pork products that are designed to make it easier for consumers to prepare traditional Latin dishes at home.

**ANSWER:**   Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

10.     Tyson will offer this new line of products under its famous "TYSON" mark and the product line trademark "¡AL GUSTO!" – which translated in English means "to the pleasure or liking."  The "¡AL GUSTO!" trademark is and will be used on these specially-cut or seasoned chicken and meat products along with the famous "TYSON" mark, which when combined translates to "Tyson To Your Liking."  For example, below is a representation of the packaging that has been used for a "TYSON" "¡AL GUSTO!"

split chicken quarters products in a test market.  As a result, consumers will instantly recognize that "¡AL GUSTO!" products are Tyson products.

[not reproduced herein]

**ANSWER:**  Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

Gusto notes that any future use of the "¡AL GUSTO!" mark by Tyson is done with full

knowledge of Gusto's claim of infringement and it undertaken at Tyson's peril.

11.     Tyson's "¡AL GUSTO!" products have been sold in the fresh meat sections of supermarkets to date and may be sold in the fresh frozen and other grocery sections in the future.

**ANSWER:**  Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

12.     In an abundance of caution, prior to adopting the "¡AL GUSTO!" mark both Tyson's advertising agency and Tyson conducted trademark searches to clear such intended use.  Although such searches disclosed numerous uses of the common term "gusto," no uses were found of "al gusto" as a mark on similar products.

**ANSWER:**  Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

13.     On October 24, 2007, Tyson filed an intent-to-use application, Serial No. 77/312,356 with the United States Patent & Trademark Office ("USPTO") to register its "¡AL GUSTO!" mark for chicken, beef and pork in International Class 29.  A copy of the USPTO record for Serial No. 77/312,356 is attached hereto as Exhibit B.  The application was published for opposition and no party, including Counter-defendant, opposed the mark.  The USPTO issued a Notice of Allowance for the "¡AL GUSTO!" mark having found no likelihood of confusion with any other mark, including Counter-defendant's alleged marks.

**ANSWER:**  Gusto admits that Exhibit C purports to be a copy of a portion of the

USPTO record for serial number 77/312,356.  Gusto is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph

and therefore denies the same**.**

14.     From April, 2008 to June, 2008, Tyson test marketed six fresh chicken items under the "TYSON" and "¡AL GUSTO!" marks in Houston and Dallas including: boneless skinless thin-sliced chicken breasts with a seasoned packet for preparing Milanesa; split chicken leg quarters for grilling; boneless skinless chicken thighs dusted with ranchero seasoning for tacos; split whole chicken without neck and giblets dusted with chili seasoning for roasting; split chicken leg quarters dusted with Mojo seasoning for grilling; and chicken breast strips dusted with fajita seasoning for fajitas.

**ANSWER:**    Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

15.     Subject to marketing considerations, Tyson plans to expand its "¡AL GUSTO!" brand to various other products including chicken, beef and pork products.

**ANSWER:**    Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

Gusto notes that any future use of the "¡AL GUSTO!" mark by Tyson is done with full

knowledge of Gusto's claim of infringement and it undertaken at Tyson's peril.

16.     Tyson plans to launch its line of "¡AL GUSTO!" products into numerous additional geographic markets primarily in the southern through southwestern United States in the next few months.

**ANSWER:**    Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

17.     Tyson has already expended hundreds of thousands of dollars developing the "¡AL GUSTO!" products and trademark, including test marketing, researching, advertising and promoting the products and its mark.  In addition, Tyson has made future commitments to its major retailers regarding its "¡AL GUSTO!" products.

**ANSWER:**    Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

Gusto notes that any future use of the "¡AL GUSTO!" mark by Tyson is done with full knowledge of Gusto's claim of infringement and it undertaken at Tyson's peril.

18.    Accordingly, Tyson's ability to continue to use and expand its use of its "¡AL GUSTO!" mark, including in its impending product launch, is extremely valuable to Tyson.

**ANSWER:**   Gusto is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

19.    On information and belief, Counter-defendant has been a family owned and operated company since 1972.  Counter-defendant's company website features a product list.  A copy of the Counter-defendant product list is attached to Plaintiff's Complaint as Exhibit E (pages 6-10 of 32).  According to the product list, Counter-defendant sells five types of products:  hickory smoked bacon, applewood smoked bacon; pork sausage; smoked meats – all pork; and deli meats – all pork or turkey.

**ANSWER:**   Gusto admits that Exhibit E attached to the Complaint lists some of the products that Gusto sells under the various GUSTO marks.  The range of products that Gusto sells are generally described as processed pork and poultry products.

20.    On information and belief, Counter-defendant does not sell beef or chicken products nor does it sell consumer-ready, specially cut, or prepackaged food products.

**ANSWER:**   Gusto admits that it has not sold beef or chicken products, but denies the remaining allegations of this paragraph and states specifically that it sells consumer-ready fully cooked, ready to cook, and thermally processed pork and turkey products, as well as specially cut and prepackaged food products.

21.    On information and belief, Counter-defendant sells its products at wholesale and to retail stores for use in the deli counter.

**ANSWER:**   Gusto denies that its sales of its products are limited to use in the deli counter in that it sells its products at wholesale and to retail stores for use both in the

deli counter and the meat cases.  Gusto competes regularly with Tyson at least on

consumer-ready packaged bacon products and consumer-ready spiral sliced hams.

22.    Counter-defendant has asserted that it received Registration No. 1,878,749 for the "GUSTO & Design" mark (depicted below) to be used in connection with "cured and cooked pork products; namely, cooked hams, boneless smoked hams, bone-in smoked hams, smoked picnic hams and sliced bacon" in International Class 29.

[not reproduced herein]

**ANSWER:**    Admitted.

23.    Counter-defendant has asserted that it received Registration No. 1,882,367 for the "GUSTO'S HEARTLAND & Design" mark (depicted below) to be used in connection with "cured and cooked pork products; namely, cooked hams" in International Class 29.

[not reproduced herein]

**ANSWER:**    Admitted.

24.    Counter-defenant has asserted that it received Registration No. 2,970,688 for the words "GUSTO'S HEARTLAND" to be used in connection with "cured and cooked pork products, namely, smoked hams and cooked hams, bologna, salami, and cappicola" in International Class 29.

[not reproduced herein]

**ANSWER:**    Admitted.

25.    Counter-defendant's purported "GUSTO & Design", "GUSTO'S HEARTLAND & Design", and "GUSTO'S HEARTLAND" marks are not strong marks because they feature the commonly-used term "gusto."  In that regard, there are numerous marks including the term "gusto" that are used in connection with a variety of food and beverage products and services.  In fact, there are 54 active federal trademark registrations for marks comprising the term "gusto" that are used in connection with a variety of food and beverage products and services, including, for example, "CONGUSTO" for meat products (Registration No. 2,673,461) and "GUSTODORO & Design" for meat, fish, poultry and game (Registration No. 3,382,097).

**ANSWER:**   Gusto denies that its marks are weak marks, and with regard to other

allegations is without knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph and therefore denies the same.

26.     On June 3, 2008, without any prior notice to Tyson, Counter-defendant
filed with this Court a complaint against Tyson alleging trademark infringement, unfair
competition, false description, injury to business reputation, and violation of Illinois
Uniform Deceptive Trade Practices Act.

**ANSWER:**   Admitted that Gusto filed its Complaint on June 3, 2008 and that this

paragraph sets forth some of the allegations of the Complaint.

27.     In its complaint, Counter-defendant alleges that Tyson's "¡AL GUSTO!"
mark comprises an infringement of its "GUSTO & Design", "GUSTO'S HEARTLAND
& Design", and "GUSTO'S HEARTLAND" marks, and is likely to cause confusion,
mistake and deception of the public as to the identity and origin of Tyson's goods,
causing irreparable harm to counter-defendant.

**ANSWER:**   Admitted that these are some of the allegations of the Complaint.

28.     In its prayer for relief, Counter-defendant seeks, among other things, to
have Tyson preliminarily and permanently enjoined from using its "¡AL GUSTO!" mark
for meat and related food products and to have Tyson destroy any labels, signs, prints,
packages, wrappers, receptacles, and advertisements bearing the "¡AL GUSTO!" mark.

**ANSWER:**   Admitted that these are some of the types of relief Gusto is seeking.

29.     Tyson is not liable for the claims asserted in Counter-defendant's
complaint, including trademark infringement, unfair competition, false description, injury
to business reputation, and violation of the Illinois Uniform Deceptive Trade Practices
Act.

**ANSWER:**   Denied.

30.     Tyson's "¡AL GUSTO!" mark does not infringe Counter-defendant's
purported "GUSTO & Design", "GUSTO'S HEARTLAND & Design", and "GUSTO'S
HEARTLAND" marks because, among other things, its "¡AL GUSTO!" mark is not
similar in appearance or meaning to the word "GUSTO", it is used on different, it is
always used with the famous "TYSON" trademark, and "GUSTO" is a weak, commonly
used term entitled to only a limited scope of protection.  In short, Tyson's use of the "¡AL
GUSTO!" mark is not likely to cause confusion, mistake and deception of the public as to

the identity and origin of Tyson's goods.  Tyson's use of the "¡AL GUSTO!" mark for chicken, beef and pork products will not cause irreparable harm to Counter-defendant.

**ANSWER:**  Denied.

31.    However, Tyson plans to launch in the near future a new line of specially-cut and flavored chicken, beef and pork products that are designed to make it easier for consumers to prepare traditional Latin dishes at home under the "¡AL GUSTO!" mark.

**ANSWER:**  Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

32.    Tyson has already expended considerable time, money and effort to develop, test, market and promote its new line of products under the "¡AL GUSTO!" mark.  It has also made commitments to customers.  If Tyson is enjoined from using its "¡AL GUSTO!" mark, or faced with an indeterminate delay of its product's launch, it will sustain irreparable damage to its reputation and cause the loss of hundreds of thousands of dollars and enormous amounts of time and effort it has devoted and must continue to devote to marketing, promoting and developing the product.  This reputation, time and expense cannot be recovered.

**ANSWER:**  Gusto is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore denies the same.

33.    Tyson repeats and realleges Paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:**  Gusto repeats its responses to Paragraphs 1 through 32 as if fully set

forth herein.

34.    There is a real, substantial and immediate controversy regarding Tyson's right to use its "¡AL GUSTO!" mark that requires adjudication by the Court.

**ANSWER:**  Admitted.

35.    Tyson seeks a preliminary and permanent declaration that the use of its "¡AL GUSTO!" mark does not infringe Counter-defendant's "GUSTO & Design", "GUSTO'S HEARTLAND & Design", and "GUSTO'S HEARTLAND" marks, and that such use is not likely to cause confusion, mistake and deception of the public as to the identity and origin of its goods.

**ANSWER:**  Gusto admits that the Counterclaim seeks a declaration of non-

infringement, but denies that Tyson is entitled to such relief.

36.    Tyson further seeks a declaration that Counter-defendant is not entitled to a
preliminary or permanent injunction that enjoins it from using its "¡AL GUSTO!" mark
for meat and related food products and that it does not have to destroy any labels, signs,
prints, packages, wrappers, receptacles, and advertisements bearing the "¡AL GUSTO!"
mark.

**ANSWER:**  Gusto admits that the Counterclaim seeks the described declaration,

but denies that Tyson is entitled to such relief.

37.    In addition, Tyson seeks a declaration that its use of "¡AL GUSTO!" mark
does not constitute unfair competition, false description, injury to business reputation,
and violation of Illinois Uniform Deceptive Trade Practices Act.

**ANSWER:**  Gusto admits that the Counterclaim seeks the described declaration,

but denies that Tyson is entitled to such relief.


## AMENDMENT TO THE COMPLAINT IN RESPONSE TO

## DEFENDANT'S COUNTERCLAIM

Plaintiff Gusto Packing Co. Inc. ("Gusto") for its Complaint against Tyson Foods,

Inc. ("Tyson"), further alleges as follows:

### COUNT VIII – REVERSE CONFUSION

50.    Paragraphs 1-25 of Gusto's Complaint are incorporated herein by reference.

51.    The advertising and promotion Tyson alleges in its Counterclaim it has

already conducted with regard to its various brands, and which it plans to do with its

"¡AL GUSTO!" brand, is far more extensive than the advertising and promotion of the

various GUSTO marks by Gusto.  Due to this, Tyson is more likely to be viewed by

customers and potential customers as the originator of the mark "¡AL GUSTO!" or "GUSTO" for various meat products, while Gusto's smaller presence in the market is likely to cause customers and potential customers to believe that Tyson has the superior rights to the name "¡AL GUSTO!" or "GUSTO" and that Gusto's use of "GUSTO" is merely a copy of or trading on the superior rights of Tyson, or signifies some affiliation of Gusto with Tyson, thus resulting in reverse confusion.

WHEREFORE, Gusto requests the following relief:

1.     Judgment in favor of Plaintiff Gusto on all counts of its Complaint and Amendment to the Complaint;

2.     Judgment in favor of Counter-Defendant Gusto on Counter-Plaintiff Tyson's Counterclaim.

3.     That Tyson pay to Gusto an amount equal to at least the amount that Tyson has expended on advertising and promotion of its products under the "¡AL GUSTO!" mark to remediate the damage caused by reverse confusion.

4.     All relief requested by Plaintiff Gusto in the Original Complaint; and

5.    For such other and further relief as the Court deems just and proper.

July 9, 2008                              Respectfully submitted,
                                         Gusto Packing Co., Inc.


                                         By:    /s/ Kevin W. Guynn
                                              One of its attorneys

| Kevin W. Guynn (ARDC No. 03124379) | John Duggan (ARDC No 688223) |
| --- | --- |
| Greer, Burns & Crain, LTD. | Duggan Law Offices |
| Suite 2500 | 181 S Lincolnway |
| 300 South Wacker Drive | North Aurora, Illinois  60542 |
| Chicago, Illinois 60606 | Phone:  (630) 264-7893 |
| Phone:  (312) 360-0080 | FAX:  (877) 300 7451 |
| FAX (312) 360-9315 | Email:  dugganjpd@aol.com |
| Email: kguynn@gbclaw.net | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM AND AMENDMENT TO THE COMPLAINT has been service upon the individual listed below via the Court's EFS system on this 9th day of July, 2008:

Robert E. Browne
Michael G. Kelber
Lara V. Hirshfeld
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 2200
Chicago, IL 60602-3801

      /s/Kevin W. Guynn      
Kevin W. Guynn
