IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gusto Packing Co., Inc., an Illinois Corporation, Plaintiff/Counter-defendant, v. Tyson Foods, Inc., a Delaware Corporation, Defendant/Counter-plaintiff. | No. 08-CV-3208  Judge Andersen  Magistrate Judge Nolan |

**DEFENDANT'S MOTION TO STRIKE AND DISMISS
PLAINTIFF'S AMENDMENT TO ITS COMPLAINT**

Defendant Tyson Foods, Inc. ("Tyson") moves this Court to strike Plaintiff Gusto Packing Co., Inc.'s ("Plaintiff") Amendment to the Complaint because it has been added to the Complaint without Tyson's written consent or leave of the Court as required by Rule 15 of the Federal Rules of Civil Procedure. In addition, as explained below, Plaintiff's Amendment to the Complaint is defective, and therefore Tyson also moves this Court to dismiss the Amendment to the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, Tyson states as follows:

1. On June 3, 2008, Plaintiff filed a Complaint that asserts counts for trademark infringement in violation of 15 U.S.C. §1114 of the Lanham Act (Count I), trademark infringement in violation of 15 U.S.C. §1125(a) of the Lanham Act (Count II), trademark infringement in violation of common law rights (Count III), unfair competition under state and common law (Count IV), false description (Count V), common law injury to business reputation (Count VI), and violation of Illinois Uniform Deceptive Trade Practices Act (Count VII). Plaintiff's claims are based upon its purported rights in the "GUSTO & Design", "GUSTO'S

HEARTLAND & Design", and "GUSTO'S HEARTLAND" marks and Tyson's use of its "¡AL GUSTO!" trademark.

2. In response, on June 19, 2008, Tyson filed its Answer and asserted a Counterclaim for a preliminary and permanent declaratory judgment that Tyson's use of the "¡AL GUSTO!" trademark does not infringe on the rights of Plaintiff in the "GUSTO & Design", "GUSTO'S HEARTLAND & Design", and "GUSTO'S HEARTLAND" marks and does not constitute unfair competition, false description, injury to business reputation, and violation of Illinois Uniform Deceptive Trade Practices Act.

3. Subsequently, on July 9, 2008, Plaintiff filed its Answer to Tyson's Counterclaim and also included an Amendment to its Complaint that asserts a new count – Count VIII for reverse confusion. *See* Plaintiff's Answer and Amendment, ¶¶ 50-51 and Prayer for Relief. Plaintiff did not submit a full version of the amended Complaint even though its new count incorporates by reference paragraphs from the originally filed Complaint. Instead, Plaintiff inserted its Amendment at the end of its Answer to Tyson's Counterclaim.

4. Under Rule 15 of the Federal Rules of Civil Procedure, after a responsive pleading has been made, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* FRCP 15(a)(2).

5. Plaintiff neither obtained Tyson's written consent nor obtained leave of court prior to filing its Amendment to the Complaint. Accordingly, the Amendment to the Complaint was improperly submitted to the Court because Plaintiff did not comply with the requirements of Rule 15. As a result, the Amendment should be stricken.

6. In addition, the new count in Plaintiff's Amendment – the reverse confusion claim – should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim. *See* FRCP 12(b)(6).

Specially, Plaintiff has failed to indicate the legal basis for its claim of reverse confusion – namely, whether the claim is based upon Federal or state law. Therefore, Tyson has not received fair notice of what Plaintiff's reverse confusion claim rests upon. *See Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999); *Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993); *see also* Rule 8(a). Moreover, it is well-established that a plaintiff must identify the legal basis for its claim. *See, e.g., Paige v. H. Hines*, 2006 WL 2252703 *2 (N.D. Ill. Aug. 3, 2006) (citations omitted). Accordingly, notwithstanding that Plaintiff improperly submitted its Amendment to the Complaint, Plaintiff's reverse confusion claim is defective and should be dismissed.

WHEREFORE, Tyson respectfully request that this Court enter an Order striking Plaintiff's Amendment to the Complaint and dismissing Count VIII of the Amendment to the Complaint.

July 14, 2008

Respectfully submitted,

Tyson Foods, Inc.

By: /s/ Robert E. Browne
One of its attorneys

Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Hirshfeld (ARDC# 627 7477)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing MOTION TO STRIKE AND DISMISS has been served upon the individuals listed below via the CM/ECF electronic filing service system on this 14th day of July 2008:

Kevin W. Guynn
Greer, Burns & Crain, LTD.
Suite 2500
300 South Wacker Drive
Chicago, Illinois 60606

John Duggan
Duggan Law Offices
181 S Lincolnway
North Aurora, Illinois 60542

                                            /s/Lara V. Hirshfeld
                                            Lara V. Hirshfeld

NGEDOCS: 1547346.2