IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUSTO PACKING CO., INC., an Illinois corporation, | ) ) ) |
| Plaintiff, Counter-Defendant | ) ) ) |
| v. | ) ) |
| TYSON FOODS, INC., a Delaware corporation, | ) ) ) ) |
| Defendant/Counter-Plaintiff | ) |

Case No. 1:08-cv-3208

Magistrate Judge Nolan

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ENTRY OF PROTECTIVE ORDER

In its Response, Plaintiff fails to offer any legitimate reason as to why Mr. Roe should be precluded from reviewing Plaintiff's highly confidential information. Indeed, Plaintiff agrees with Defendant Tyson that, as in-house counsel, Mr. Roe is an officer of the Court, is bound by the same code of professional responsibility as outside counsel, and should not be excluded from reviewing highly confidential information solely because he is in-house counsel – but rather only if he has competitive decision making responsibilities for Tyson. *See* Plaintiff's Response, pp. 2-3. And, contrary to Plaintiff's assertions, Mr. Roe's Declaration clearly demonstrates that he has no competitive decision marking responsibilities at Tyson. Mr. Roe states in no uncertain terms in his Declaration that he does "not make business decisions," and does "not provide non legal advice to business clients at Tyson in regard to competitive issues," but assists "Tyson clients with legal issues or disputes." *See* Declaration of James Roe attached as Exhibit B to Defendant's Motion to Compel Entry of Protective Order, ¶ 4. Therefore, under the applicable case law, Mr. Roe should be permitted to review Plaintiff's highly confidential information as set forth in Tyson's Proposed Protective Order.

Tyson appreciates the sensitivity of certain confidential information, such as pricing information, customer information and future marketing plans to any business and Plaintiff's concerns with disclosing such information to Tyson. However, the Proposed Protective Order only grants Mr. Roe access to Plaintiff's highly confidential information, and Mr. Roe has declared that he will take the appropriate steps to ensure that no one else at Tyson has access to Plaintiff's highly confidential information and that such information will only be used by him to render and formulate legal strategy in this case. *See* Ex. B, ¶¶ 2 and 4. To the extent Mr. Roe's signature on the Undertaking to the Protective Order or to a written commitment to keep Plaintiff's documents in a locked cabinet in Mr. Roe's office or in the Tyson legal department would alleviate Plaintiff's concerns, Defendant will agree to such steps.

Moreover, in contrast to trade secret cases, this trademark case will not require Plaintiff to disclose its trade secret information, but rather just disclose the necessary business information and documents to substantiate Plaintiff's claims of confusion and damages. Access to such information and documents will be necessary to allow Mr. Roe – the individual responsible for managing Tyson's legal strategy in this case -- to evaluate the case and provide Tyson's outside counsel with meaningful direction. For example, the prices of the specific goods, the classes of customers and marketing channels of Plaintiff are relevant to likely confusion and damages. In a large organization like Tyson, knowledge of corresponding factor is best gained through a legal contact, namely Mr. Roe. Likewise, Mr. Roe, as in-house counsel must advise his client with respect to litigation decisions and outcomes. We cannot fulfill this important function without full knowledge of the case. Plaintiff's fears of disclosure of its highly confidential information are not warranted in this case, and, as a result, Tyson should not be forced to plead evaluate and try its case at a disadvantage.

Finally, Plaintiff's new "proposals" to modify Tyson's Proposed Protective Order are unreasonable and impractical, and indicate a rigidity and unwillingness to reach any compromise with respect to the Protective Order. First, this case is on an expedited schedule, and requiring the parties to do a document-by-document analysis before disclosing highly confidential information to Mr. Roe, as Plaintiff proposes, is extremely time-consuming and cumbersome. As Plaintiff must realize, this proposal would likely lead to numerous motions that require Court resolution. Surely, such a proposal does not comport with moving this case forward in an efficient manner under the expedited schedule. Second, Plaintiff is well-aware of the fact that Mr. Roe resides in Arkansas – not Chicago -- and therefore, requiring him to travel to Chicago to review highly confidential information and documents, as Plaintiff proposes, is time-consuming, expensive and unduly burdensome. Placing this burden on Tyson is unfair and unnecessary as Mr. Roe has unequivocally stated that he will put the proper safeguards in place at Tyson to ensure that there is no disclosure of Plaintiff's highly confidential information to other Tyson employees. Third, as Plaintiff even notes in its Response, Mr. Roe is an officer of the Court, and therefore, Plaintiff's proposal that he appear in person before the Court is simply overreaching. Moreover, contrary to Plaintiff's assertion, Mr. Roe would be accountable to the Court under the Protective Order.

In the interest of resolving this dispute and moving discovery ahead, Tyson proposes a compromise that the Proposed Protective Order be revised to eliminate Mr. Roe's access to _future_ sales projection or marketing information. In addition, Mr. Roe would be willing to personally sign the Undertaking to the Proposed Protective Order (*see* Exhibit A attached to Tyson's Motion).

For the reasons set forth herein and those previously articulated in Little Tikes' Memorandum, Tyson respectfully requests that this Court grant its Motion and enter Tyson's Proposed Protective Order with the limitation that Mr. Roe is required to execute the Undertaking and not have access to future sales projections or future marketing plans.

Respectfully,

TYSON FOODS, INC.

Dated: August 12, 2008        By:    /s/ Robert E. Browne
                                     One of Its Attorneys

Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Klapper (ARDC# 627 7477)
**Neal, Gerber & Eisenberg, LLP**
2 North LaSalle Street, Suite 2200
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing REPLY IN SUPPORT OF MOTION TO COMPEL ENTRY OF PROTECTIVE ORDER has been served upon the individuals listed below via the CM/ECF electronic filing service system on this 12th day of July 2008:

> Kevin W. Guynn
> Greer, Burns & Crain, LTD.
> 300 S. Wacker Drive, Suite 2500
> Chicago, Il 60606
>
> John Duggan
> Duggan Law Offices
> 181 S. Lincolnway
> North Aurora, Illinois 60542

/s/ Lara V. Klapper
Lara V. Klapper

NGEDOCS: 1555147.2